[Cite as *State v. Slife*, 2021-Ohio-644.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                        CASE NO.  2-20-17

      v.

TRENTON SLIFE,                           **O P I N I O N**

      DEFENDANT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2020 CR 0039

Judgment Affirmed

Date of Decision:  March 8, 2021

APPEARANCES:

    *Gerald F. Siesel* **for Appellant**

    *Edwin A. Pierce* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, Trenton Slife, appeals the August 20, 2020 judgment of sentence of the Auglaize County Court of Common Pleas. For the reasons that follow, we affirm.

*Background*

{¶2} On July 18, 2019, officers of the St. Marys Police Department responded to a call of a male sleeping or passed out in a black Nissan automobile parked on South Front Street in St. Marys, Ohio. The responding officers identified Slife as the occupant of the Nissan, and he was detained pending the arrival of a drug-detection dog. When the drug-detection dog arrived, it was led around Slife's vehicle. The drug-detection dog alerted to the presence of drugs, and Slife was ordered to exit the vehicle. Once Slife exited the vehicle, the responding officers proceeded to conduct a search of Slife's person. During the search, the officers discovered a jar containing an unknown green crystalline substance, which was later identified as 3.26 grams of methamphetamine.

{¶3} On March 5, 2020, the Auglaize County Grand Jury indicted Slife on one count of possession of methamphetamine in violation of R.C. 2925.11(A), (C)(1)(b), a third-degree felony. On March 13, 2020, Slife appeared for arraignment and pleaded not guilty.

{¶4} Pursuant to the parties' plea negotiations, the State filed a bill of information on July 23, 2020. Under the bill of information, Slife was charged with one count of aggravated trafficking in methamphetamine in violation of R.C. 2925.03(A)(2), (C)(1)(a), a fourth-degree felony.

{¶5} A change of plea hearing was held on July 28, 2020, at which time Slife pleaded guilty to the single count of the bill of information. In exchange for the guilty plea, the State agreed to a jointly recommended sentence of 15 months' imprisonment. The trial court accepted Slife's plea and entered a finding of guilty. The trial court filed its judgment entry of conviction on July 29, 2020. The matter was continued for the preparation of a pre-sentence investigation.

{¶6} The sentencing hearing was held on August 19, 2020. Rather than sentencing Slife to the jointly recommended sentence of 15 months in prison, the trial court sentenced Slife to the maximum 18 months in prison. The trial court filed its judgment entry of sentence on August 20, 2020.

{¶7} On September 18, 2020, Slife filed a notice of appeal. He raises one assignment of error for our review.

### Assignment of Error

**The trial court's sentencing of the defendant-appellant to a maximum sentence totaling eighteen (18) months, being in excess of the jointly recommended fifteen (15) months constituted a clear and convincing violation of the law in failing to properly consider and apply the felony sentencing guidelines set forth in Ohio Revised Code, Section 2929.11 and 2929.12.**

**{¶8}** In his assignment of error, Slife argues that the trial court erred by sentencing him to 18 months in prison without giving proper consideration to the sentencing criteria of R.C. 2929.11 and 2929.12.

*Standard of Review*

**{¶9}** Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Relevant Authority*

**{¶10}** "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. A sentence imposed within the statutory range is not contrary to law as long as the trial court considered the purposes and principles of felony sentencing contained in R.C.

2929.11 and the sentencing factors contained in R.C. 2929.12. *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 15.

{¶11} R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve the overriding purposes of felony sentencing, R.C. 2929.11 directs courts to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* In addition, R.C. 2929.11(B) instructs that a sentence imposed for a felony "shall be reasonably calculated to achieve the three overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶12} "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Smith* at ¶ 10, citing R.C. 2929.12(A). In addition, the trial court must consider the factors set forth in R.C.

2929.12(F) pertaining to the offender's service in the armed forces of the United States. R.C. 2929.12(A). A sentencing court has broad discretion to determine how much weight to assign to each sentencing factor in R.C. 2929.12. *Smith* at ¶ 15; *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.); *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶13} Recently, in *State v. Jones*, ___ Ohio St.3d ___, 2020-Ohio-6729, the Supreme Court of Ohio clarified the proper scope of review of felony sentences imposed in cases, like the present case, where the defendant's appeal challenged the trial court's application of R.C. 2929.11 and 2929.12. In *Jones*, the court held that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. In reaching this conclusion, the court explained that R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if the appellate court clearly and convincingly finds that the record does not support the sentencing court's findings under certain specified statutory provisions. *Id.* at ¶ 28. However, R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a). *Id.* Instead, only "R.C. 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I) are specified" in R.C. 2953.08(G)(2)(a). *Id.* Furthermore, the court explained that "an appellate court's determination that the record does not support a sentence does not equate to

a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 32. Accordingly, "pursuant to *Jones*, an appellate court errs if it * * * modifies or vacates a sentence 'based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12.'" *Dorsey*, 2021-Ohio-76, at ¶ 17, quoting *Jones* at ¶ 29.

*Analysis*

{¶14} In the instant case, Slife was convicted of one count of aggravated trafficking in methamphetamine in violation of R.C. 2925.03(A)(2), a fourth-degree felony. For fourth-degree felony offenses, "the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." R.C. 2929.14(A)(4). The trial court sentenced Slife to 18 months in prison, which is within the statutory range prescribed by the legislature.

{¶15} Furthermore, the record affirmatively reflects that the trial court considered R.C. 2929.11 and 2929.12 when it sentenced Slife. At the sentencing hearing, the trial court specifically remarked that it had considered the purposes and principles of felony sentencing under R.C. 2929.11 and the factors contained in R.C. 2929.12. Additionally, in its sentencing entry filed on August 20, 2020, the trial court stated it had considered "the principles and purposes of sentencing under [R.C. 2929.11], and * * * balanced the seriousness and recidivism factors under [R.C.

2929.12]." Although the trial court did not elaborate on its consideration of R.C. 2929.11 and 2929.12, "[a] trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 32. Therefore, because Slife's sentence is within the statutory range and the record supports that the trial court fulfilled its obligation of considering R.C. 2929.11 and 2929.12, Slife's sentence is not contrary to law. *Dorsey* at ¶ 18-19; *Maggette* at ¶ 30, 36.

{¶16} Nevertheless, Slife argues R.C. 2929.11 and 2929.12 clearly indicate leniency was appropriate. He claims that R.C. 2929.11 and 2929.12 by law point toward the trial court following the joint recommendation rather than sentencing him to more time. Thus, Slife essentially argues that his sentence is unsupported by the record both because the trial court did not properly balance the R.C. 2929.12(B)-(F) factors and because his 18-month prison sentence is not the sentence that would most effectively achieve the overriding purposes of felony sentencing.

{¶17} Even if we were to agree with Slife that the trial court erroneously weighed the factors under R.C. 2929.11 and 2929.12, in light of the Supreme Court of Ohio's holding in *Jones*,[1] we could not vacate or modify Slife's sentence on that

---

[1] Because *Jones* was decided after the parties submitted their appellate briefs in this case, neither party has had the opportunity to address its applicability. However, *Jones* "does not change the law" but instead "clarifies existing law and precedents." *State v. Roberts*, 5th Dist. Richland No. 2020 CA 0035, 2021-Ohio-

basis. An appellate court may not supplant its judgment for that of the trial court. *See State v. Roberts*, 5th Dist. Richland No. 2020 CA 0035, 2021-Ohio-90, ¶ 103 (confirming that R.C. 2953.08(G)(2)(b) does not allow an appellate court to vacate or modify a sentence based on the court's view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12 and upholding the defendant's sentence because the trial court complied with applicable rules and sentencing statutes and the sentence was within the statutory sentencing range). As discussed above, Slife's sentence is within the statutory range and it is clear that the trial court considered R.C. 2929.11 and 2929.12. Hence, Slife's sentence is not clearly and convincingly contrary to law, and it must therefore be affirmed.

{¶18} Slife's assignment of error is overruled.

{¶19} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of sentence of the Auglaize County Common Pleas Court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**

---

90, ¶ 81, fn. 2. Therefore, we elect to apply *Jones* to the instant case without the benefit of supplemental briefing.