[Cite as *State v. Whitaker*, 2023-Ohio-757.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  6-22-12

    v.

TABITHA LEA WHITAKER,             O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No.  CRI 20212137

Judgment Affirmed

Date of Decision:  March 13, 2023

APPEARANCES:

    *Emily P. Beckley* for Appellant

    *McKenzie J. Klingler* for Appellee

**MILLER, P.J.**

{¶1} Defendant-appellant, Tabitha Lea Whitaker, appeals the August 8, 2022 judgment of sentence of the Hardin County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On September 17, 2021, the Hardin County Grand Jury indicted Whitaker on eight counts: Count One of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony; Count Two of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), (C)(11)(a), a fifth-degree felony; Count Three of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), (C)(11)(b), a fourth-degree felony; Counts Four and Five of possession of drugs in violation of R.C. 2925.11(A), (C)(2)(a), fifth-degree felonies; Count Six of possessing drug abuse instruments in violation of R.C. 2925.12(A), (C), a first-degree misdemeanor; Count Seven of illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), (F)(1), a fourth-degree misdemeanor; and Count Eight of trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(2), (C)(9)(c), a third-degree felony. Counts One, Two, Three, Four, and Eight contained a specification for the forfeiture of currency pursuant to R.C. 2941.1417(A). Whitaker appeared for arraignment on October 18, 2021 and entered a not guilty plea to the counts and specifications in the indictment.

**{¶3}** On January 24, 2022, Whitaker withdrew her pleas of not guilty and, pursuant to a negotiated-plea agreement, entered pleas of guilty to Counts One, Three, and Four of the indictment, and their related specifications. In exchange, the State recommended the trial court dismiss the remaining counts and specifications. The trial court accepted Whitaker's pleas and found her guilty. That same day, the trial court filed its judgment entry of conviction.

**{¶4}** On August 3, 2022, the trial court sentenced Whitaker to five years of community control. As a condition of her community control, Whitaker was required to successfully complete a community based correctional facility (CBCF) program and follow the recommendations for after-care. Pursuant to the parties' agreement, the trial court dismissed the remaining counts and specifications in the indictment. The trial court filed its sentencing entry on August 8, 2022.

**{¶5}** Whitaker filed a notice of appeal on August 22, 2022. She raises a single assignment of error for our review.

## Assignment of Error

**Appellant's sentence was not supported by sufficient evidence for the reason the trial court abused its discretion.**

**{¶6}** In her assignment of error, Whitaker argues that the trial court did not properly consider the purposes and principles of felony sentencing when fashioning her sentence. Whitaker also argues that her sentence is not supported by the record.

-3-

*Standard of Review*

**{¶7}** "Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. "Clear and convincing evidence is that '"which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."'" *Id.*, quoting *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Relevant Authority*

**{¶8}** "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. A sentence imposed within the statutory range is generally valid so long as the trial court considered the applicable statutory policies that apply to every felony sentence, including those contained in R.C. 2929.11, and the sentencing factors of 2929.12. *See State v. Watts*, 3d Dist. Auglaize No. 2-20-10, 2020-Ohio-5572, ¶ 10, 14; *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31.

{¶9} R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve the overriding purposes of felony sentencing, R.C. 2929.11 directs courts to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* In addition, R.C. 2929.11(B) instructs that a sentence imposed for a felony "shall be reasonably calculated to achieve the three overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶10} "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Smith* at ¶ 10, citing R.C. 2929.12(A). In addition, the trial court must consider "the factors set forth in [R.C. 2929.12(F)] pertaining to the offender's service in the armed forces of the United States." R.C. 2929.12(A). "'A sentencing court has broad discretion to determine

the relative weight to assign the sentencing factors in R.C. 2929.12.'" *Smith* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

*Analysis*

**{¶11}** Whitaker was sentenced for one count of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony; one count of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), (C)(11)(b), a fourth-degree felony; and one count of possession of drugs in violation of R.C. 2925.11(A), (C)(2)(a), a fifth-degree felony. Each of these offenses carries the potential of a prison sentence. *See* R.C. 2929.14(A). However, in lieu of prison, the trial court is able to impose community control sanctions, the duration of which shall not exceed five years. *See* R.C. 2929.15, 2929.16, 2929.17, 2929.19. The trial court is also authorized to order a term of up to six months at a CBCF as a condition of community control sanctions. R.C. 2929.16(A)(1). Here, the trial court sentenced Whitaker to five years of community control. As a condition of Whitaker's community control, the trial court ordered her to complete a program at a CBCF. Accordingly, Whitaker's sentence is within the statutory range.

**{¶12}** Whitaker argues that the trial court failed to consider R.C. 2929.11 and 2929.12 when it ordered her to complete the CBCF program, as she did not believe

she was in need of treatment in a secure facility. However, the record belies her claims.

{¶13} In the judgment entry of sentence, the trial court stated that it considered "the principles and purposes of sentencing under Ohio Revised Code Section 2929.11" and "balanced the seriousness and recidivism factors in Ohio Revised Code Section 2929.12." (Doc. No. 39).

{¶14} Additionally, at the sentencing hearing, the trial court made the following statement prior to announcing Whitaker's sentence:

> I've considered the record, I've considered the purposes and principles of sentencing. I certainly have considered your past history, the history since you finished or came out of recovery court. * * * [A]s you continue to use drugs you are a danger not only to yourself, you're a danger to your family, you're a danger to the public, at least I think. And I've thought this through a lot, Ms. Whitaker. I really think this is what needs to be done.

(Aug. 3, 2022 Tr. at 17).

{¶15} Furthermore, although the trial court did not expressly reference R.C. 2929.12 at the sentencing hearing, the trial court did discuss some of the seriousness and recidivism factors during the sentencing hearing. Specifically, the trial court engaged in a lengthy discussion with Whitaker regarding her long-standing struggles with substance abuse and her previous unsuccessful attempts at rehabilitation. (Aug. 3, 2022 Tr. at 10-17). *See* R.C. 2929.12(D)(4). While the trial court did not explicitly reference R.C. 2929.12 during the sentencing hearing, "[a]

trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Maggette*, 2016-Ohio-5554, at ¶ 32, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18. *See State v. Luttrell*, 12th Dist. Warren No. CA2021-07-062, 2022-Ohio-1148, ¶ 25 ("The fact that R.C. 2929.11 and 2929.12 are not expressly referenced during a sentencing hearing is immaterial when the trial court's sentencing entry cites to both statutes."). Therefore, because Whitaker's sentence is within the statutory range and the record supports that the trial court fulfilled its obligation of considering R.C. 2929.11 and 2929.12, Whitaker's sentence is valid. *See Watts*, 2020-Ohio-5572, at ¶ 14.

{¶16} Further, although "R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that 'the record does not support the sentencing court's findings under' certain specified statutory provisions[,] * * * R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a)." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 28. Furthermore, "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 32. Thus, R.C. 2953.08(G)(2) "does not provide a basis for an appellate court to

modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. "[A]n appellate court errs if it * * * modifies or vacates a sentence 'based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12.'" *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 17, quoting *Jones* at ¶ 29.

{¶17} Accordingly, even if we were to agree with Whitaker that her sentence is not supported by the record under R.C. 2929.11 and 2929.12, we could not vacate or modify her sentence on that basis. As discussed above, Whitaker's sentence is within the statutory range and it is clear that the trial court considered R.C. 2929.11 and 2929.12. Hence, Whitaker's sentence is not clearly and convincingly contrary to law, and it must therefore be affirmed. *See State v. Slife*, 3d Dist. Auglaize No. 2-20-17, 2021-Ohio-644, ¶ 17.

{¶18} Whitaker's assignment of error is overruled.

{¶19} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of sentence of the Hardin County Court of Common Pleas.

***Judgment Affirmed***

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**