[Cite as *State v. Buckley*, 2024-Ohio-499.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-08-008 |
| | : | O P I N I O N |
| - vs - | | 2/12/2024 |
| | : | |
| JASON BUCKLEY, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 22CR014024

Martin P. Votel, Preble County Prosecuting Attorney, and Kathryn M. West, Assistant Prosecuting Attorney, for appellee.

Hubler and Woolum Law Co. LPA, and Bridget N. Woolum, for appellant.

**S. POWELL, P.J.**

{¶ 1} Appellant, Jason Buckley, appeals his conviction in the Preble County Court of Common Pleas following his no contest pleas to one count of second-degree felony aggravated vehicular homicide and one count of third-degree felony aggravated vehicular assault. For the reasons outlined below, we affirm Buckley's conviction.

{¶ 2} On December 5, 2022, the Preble County Grand Jury returned a ten-count indictment charging Buckley with, among other offenses, one count of second-degree felony aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a) and one count of third-degree felony aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a). Those charges, which appeared as Count 1 and Count 2 in the indictment, alleged the following:

| Count One | Aggravated Vehicular Homicide - F2<br>§2903.06(A)(1)(a), 2903.06(B)(2)(a) |
|---|---|
| Defendant | Jason Buckley |
| Date of Offense | On or about November 5, 2022 |

*The Jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, being duly impaneled and sworn and charged to inquire of and present all offenses whatever committed within the limits of said County, on their oaths, in the name and by the authority of the State of Ohio, do find and present that the above named Defendant(s), on or about the date of the offense set forth above, unlawfully:*

did, while operating or participating in the operation of a motor vehicle, cause the death of Curtis M. Albright as the proximate result of committing a violation of division (A) of Section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance.

*The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

| Count Two | Aggravated Vehicular Assault - F3<br>§2903.08(A)(1)(a), 2903.08(B)(1) |
|---|---|
| Defendant | Jason Buckley |
| Date of Offense | On or about November 5, 2022 |

*The grand jurors, on their oaths, further find that the Defendant(s) unlawfully:*

while operating or participating in the operation of a motor vehicle, did cause serious physical harm to Kelli L. Foust, as the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance.

*The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

{¶ 3} On December 21, 2022, Buckley appeared at his arraignment hearing and entered a not guilty plea to all ten charges levied against him. This included both the

- 2 -

second-degree felony aggravated vehicular homicide and third-degree felony aggravated vehicular assault charges set forth above.

{¶ 4} On July 11, 2023, the trial court held a change of plea hearing. At this hearing, Buckley entered into a plea agreement with the state and thereafter pled no contest to the charged aggravated vehicular homicide and aggravated vehicular assault offenses. The trial court accepted Buckley's two no contest pleas, and rendered a finding of guilt, upon determining both pleas were knowingly, intelligently, and voluntarily entered.

{¶ 5} On July 27, 2023, the trial court held a sentencing hearing. During this hearing, the trial court sentenced Buckley, in conformance with the parties' plea agreement, to a total, aggregate and indefinite term of 13 to 17 years in prison, less 261 days of jail-time credit.[1] The trial court also suspended Buckley's driver's license for life, ordered Buckley to pay court costs, and notified Buckley that he would be subject to a mandatory term of postrelease control for up to three years, but not less than 18 months, upon his release from prison.

{¶ 6} Buckley now appeals his conviction, raising three assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} APPELLANT'S NO CONTEST PLEAS WERE NOT MADE KNOWINGLY OR INTELLIGENTLY THEREBY VIOLATING APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS.

{¶ 9} In his first assignment of error, Buckley argues that neither of his two no contest pleas were knowingly or intelligently entered. We disagree.

---

1. The trial court's sentence consisted of an indefinite eight to 12 years in prison for the second-degree felony aggravated vehicular homicide, plus an additional, consecutive five-year prison term for the third-degree felony aggravated vehicular assault. Pursuant to the plea agreement, and as recommended by the state, the trial court ordered this sentence to run concurrent with the sentence Buckley received in another, unrelated case.

{¶ 10} "'Because a no-contest or guilty plea involves a waiver of constitutional rights, a defendant's decision to enter [such] a plea must be knowing, intelligent, and voluntary.'" (Brackets sic.) *State v. Drain*, 170 Ohio St.3d 107, 2022-Ohio-3697, ¶ 31, quoting *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, ¶ 10. "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Ackley*, 12th Dist. Madison No. CA2013-04-010, 2014-Ohio-876, ¶ 8. A trial court's obligations in accepting a defendant's plea as being knowingly, intelligently, and voluntarily entered is dependent '"upon the level of offense to which the defendant is pleading.'" *State v. Muhire*, 12th Dist. Butler No. CA2022-10-095, 2023-Ohio-1181, ¶ 11, quoting *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 6. "Crim.R. 11(C) prescribes the procedure a trial court must follow in felony cases before accepting a guilty or no contest plea." *State v. Martin*, 12th Dist. Warren No. CA2018-09-105, 2019-Ohio-2792, ¶ 26.

{¶ 11} The rule requires the trial court to "notify the defendant of the constitutional rights set forth in Crim.R. 11(C)(2)(c) * * *." *State v. Oliver*, 12th Dist. Clermont No. CA2020-07-041, 2021-Ohio-2543, ¶ 41. The rule also mandates the trial court to "make the required determinations and give the necessary warnings set forth in Crim.R. 11(C)(2)(a) and (b)." *State v. Gabbard*, 12th Dist. Butler No. CA2020-12-125, 2021-Ohio-3646, ¶ 12. "This includes a requirement that the trial court determine 'that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *.'" *State v. Perry*, 12th Dist. Clermont No. CA2023-01-004, 2023-Ohio-3106, ¶ 18, quoting Crim.R. 11(C)(2)(a).

{¶ 12} Buckley initially argues his no contest pleas were not knowingly or intelligently entered because the trial court failed to advise him of the "aggregate maximum sentence" that he faced. That is to say, Buckley argues that neither of his no

contest pleas were knowingly or intelligently entered because the trial court never advised him of the possibility that consecutive sentences could be imposed in this case. Buckley claims that had he known consecutive sentences were a possibility, he would not have entered no contest pleas and would have instead taken the matter to trial. It is well established, however, "that Crim.R. 11(C)(2)(a) does not require a trial court to advise a defendant of the potential for discretionary consecutive sentencing." *State v. Nave*, 8th Dist. Cuyahoga No. 107032, 2019-Ohio-1123, ¶ 10, following *State v. Johnson*, 40 Ohio St.3d 130 (1988), syllabus ("[f]ailure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary"); *see, e.g., State v. Nowden*, 8th Dist. Cuyahoga No. 111308, 2022-Ohio-3554, ¶ 15 ("[a]lthough the trial court did not ask [appellant] whether he understood the effect of consecutive sentencing, it was not required to do so by Crim.R. 11[C][2][a] because in this case, consecutive sentencing was discretionary, not mandatory"); and *State v. Blouir*, 9th Dist. Summit No. 30066, 2022-Ohio-1222, ¶ 25 (appellant's "argument that the trial court erred in failing to advise him at the plea hearing that his sentences for aggravated murder, with a firearm specification, and carrying a concealed weapon *could* run consecutively, is not well-taken" given that such a failure does not run afoul of Crim.R. 11[C][2][a]).

{¶ 13} The law in Ohio instead provides that, prior to accepting a defendant's pleas of no contest, a trial court need not warn the defendant of the possibility that consecutive sentences could be imposed. *See State v. Cobbledick*, 8th Dist. Cuyahoga No. 108959, 2020-Ohio-4744, ¶ 6 ("[u]nder Ohio law, there is no requirement for the trial court to advise of the possibility that each individual sentence may be imposed consecutively, such that a plea can be considered as involuntary in the absence of such an advisement"); *see also*

*State v. Whitman*, 6th Dist. Sandusky No. S-21-003, 2021-Ohio-4510, ¶ 22 ("Ohio appellate courts have almost always held that a trial court need not warn a defendant of the potential for consecutive sentences prior to accepting a guilty plea to multiple offenses"). Such an advisement is only necessary, if at all, when the imposition of consecutive sentences is mandatory. *See, e.g., State v. Whitaker*, 12th Dist. Preble No. CA2012-10-013, 2013-Ohio-4434, ¶ 27-28 ("because the trial court never informed appellant that any prison sentence imposed for the [repeat violent offender] specification would have to be served prior to and consecutively to the sentences imposed for the kidnapping and felonious assault, the trial court failed to substantially comply with Crim.R. 11[C][2][a] and appellant did not enter a knowing and intelligent plea of admit to the [repeat violent offender] specification"). Therefore, because consecutive sentencing in this case was discretionary, not mandatory, any failure of the trial court to advise Buckley of the possibility that consecutive sentences could be imposed did not render Buckley's no contest pleas less than knowingly or intelligently made. Buckley's claim otherwise lacks merit.

{¶ 14} Buckley also argues that his two no contest pleas were not knowingly or intelligently entered because the trial court failed to advise him at the plea hearing that it was not bound by the state's recommended sentence set forth in the plea agreement. It is well established, and Buckley does not dispute, that "a trial court is not bound by the terms of a plea agreement, including the recommended sentence, and can choose to deviate from the recommendation." *State v. Benjamin*, 12th Dist. Clermont No. CA2021-06-023, 2022-Ohio-427, ¶ 18. "However, in such a case, for the plea to be voluntary, the trial court must have forewarned the defendant of the possibility of imposing a greater sentence than that recommended by the prosecutor." *Perry*, 2023-Ohio-3106 at ¶ 20. This necessarily means that, in instances where a trial court chooses to take an upward

deviation from the state's recommended sentence, such deviation renders the defendant's plea involuntary, and thus unconstitutional, only in instances where the trial court failed to advise the defendant of that possibility prior to the defendant entering his or her plea.

{¶ 15} In this case, however, the trial court did not sentence Buckley to anything greater than what the state had recommended in the parties' plea agreement. Therefore, because the trial court sentenced Buckley in accordance with the state's recommendation, the trial court's failure to advise Buckley at the plea hearing that it was not bound by the terms of the state's recommended sentence also did not render Buckley's no contest pleas less than knowingly or intelligently made. Buckley's claim otherwise again lacks merit. Accordingly, finding no merit to either of the arguments raised by Buckley herein, Buckley's first assignment of error lacks merit and is overruled.

{¶ 16} Assignment of Error No. 2:

{¶ 17} APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, RESULTING IN A PLEA THAT WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY.

{¶ 18} In his second assignment of error, Buckley argues that he received ineffective assistance of counsel, thus resulting in him entering pleas of no contest that were not knowingly, intelligently, and voluntarily made. To support this claim, Buckley argues that his trial counsel was "ineffective by going forward with sentencing in this matter" when it was discovered that there had been an apparent misunderstanding with respect to the terms of the state's recommended sentence. However, as the record indicates, when this misunderstanding came to light, Buckley had an off-the-record conversation with his trial counsel about the trial court's offer that would have allowed him, if he so chose, to withdraw his pleas.

{¶ 19} Following this conversation, Buckley's trial counsel advised the trial court, "Your Honor, I've had the opportunity to speak with my client and he does not wish to withdraw his plea[s] at this time. We would move forward with sentencing." Upon hearing this, the trial court proceeded with sentencing. Therefore, given the record properly before this court, it simply cannot be said that Buckley's trial counsel was ineffective by going forward with sentencing in this case. This is because, even assuming Buckley's trial counsel's performance was somehow deficient, which it clearly was not, Buckley cannot establish any resulting prejudice therefrom. This is fatal to Buckley's ineffective assistance of counsel claim. *State v. Pack*, 12th Dist. Clermont Nos. CA2022-12-087 thru CA2022-12-089, 2023-Ohio-3200, ¶ 14 ("[t]he failure to satisfy either the deficiency prong or the prejudice prong of the test is fatal to a claim of ineffective assistance of counsel"). Therefore, finding no merit to the argument raised by Buckley herein, Buckley's second assignment of error also lacks merit and is overruled.

{¶ 20} Assignment of Error No. 3:

{¶ 21} THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY ON A SILENT RECORD.

{¶ 22} In his third assignment of error, Buckley argues the state provided insufficient evidence for the trial court to find him guilty of either second-degree felony aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a) or third-degree felony aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a). Buckley initially supports this claim by citing R.C. 2937.07. That statute, however, applies to misdemeanors, not felonies. *See State v. Wilson*, 11th Dist. Lake No. 2016-L-039, 2018-Ohio-902, ¶ 46. Therefore, Buckley's first claim based upon R.C. 2937.07 lacks merit.

{¶ 23} Buckley also supports this claim by arguing "the trial court erred in its findings of guilt in this matter on the allegations contained in the charging instrument."

But, as it is well established, "where the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty." *State v. Bird*, 81 Ohio St.3d 582, 584 (1998), citing *State ex rel. Stern v. Mascio*, 75 Ohio St.3d 422, 425 (1996). Such is the case here. *See State v. Schmiesing*, 2nd Dist. Darke No. 1640, 2005-Ohio-56, ¶ 16-18 (aggravated vehicular homicide); and *State v. Huffman*, 3d Dist. Hancock No. 5-19-37, 2020-Ohio-1062, ¶ 12 (aggravated vehicular assault).

**{¶ 24}** Therefore, because the indictment in this case contained sufficient allegations to properly charge Buckley with both second-degree felony aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a) and third-degree felony aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a) by mirroring the elements set forth in each of those two statutes, the trial court did not err by finding Buckley guilty of either offense. *See State v. Williams*, 8th Dist. Cuyahoga No. 103762, 2016-Ohio-7777, ¶ 7 (trial court was "obligated" to find appellant guilty where the "indictment mirrored the elements" of the charged offense for which appellant had pled no contest). Accordingly, having found no merit to any of the arguments raised by Buckley herein, Buckley's third assignment of error is likewise without merit and overruled.

**{¶ 25}** Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.