[Cite as *State v. Hill*, 2024-Ohio-1850.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

MICHAEL D. HILL, JR.

    DEFENDANT-APPELLANT.

CASE NO. 7-23-17

O P I N I O N

---

**Appeal from Henry County Common Pleas Court**
**Trial Court No. 22 CR 0105**

**Judgment Affirmed**

**Date of Decision:  May 13, 2024**

---

**APPEARANCES:**

    *Laura A. Justen* **for Appellant**

    *Gwen Howe-Gebers* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Michael D. Hill, Jr. ("Hill") appeals the judgment of the Henry County Court of Common Pleas, alleging that the trial court erred in the process of imposing a sentence. For the reasons set forth below, this appeal of the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On July 27, 2022, Hill was indicted on one count of possession of cocaine in violation of R.C. 2925.11(A), a fifth-degree felony. On July 18, 2023, Hill pled guilty to the charge against him. On August 29, 2023, the trial court issued its judgment entry of sentencing.[1]

*Assignment of Error*

{¶3} Hill filed his notice of appeal on September 28, 2023. On appeal, he raises the following assignment of error:

> **Appellant's sentence is not contrary to law, but it is clearly and convincingly not supported by the record.**

Hill argues that the considerations set forth in R.C. 2929.11 and 2929.12 weigh against the sentence imposed by the trial court.

---

[1] At the hearing, the trial court sentenced Hill in Case No. 22-CR-0105 and Case No. 23-CR-0027. However, Hill only filed an appeal of Case No. 22-CR-0105.

*Legal Standard*

**{¶4}** "R.C. 2953.08(G)(2) establishes the scope of appellate review for felony sentences." *State v. Morgan*, 3d Dist. Union No. 14-23-27, 2024-Ohio-625, ¶ 6. This provision reads, in its relevant part, as follows:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

Thus, "R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if the appellate court clearly and convincingly finds that the record does not support the sentencing court's findings under certain specified statutory provisions." *State v. Slife*, 3d Dist. Auglaize No. 2-20-17, 2021-Ohio-644, ¶ 13.

**{¶5}** "However, R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a)." *Slife* at ¶ 13. Further, "R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-

6729, 169 N.E.3d 649, ¶ 39. "Thus, * * * an appellate court may not modify or vacate a felony sentence based upon a finding by clear and convincing evidence that the record does not support the trial court's 'findings' under R.C. 2929.11 and R.C. 2929.12." *State v. Foster*, 3d Dist. Union No. 14-20-26, 2021-Ohio-1454, ¶ 31.

*Legal Analysis*

**{¶6}** At sentencing, the trial court stated that it had considered the purposes and principles of felony sentencing that are set forth in R.C. 2929.11 in addition to the seriousness and recidivism factors that are set forth in R.C. 2929.12. The trial court then reiterated these statements in its judgment entry of sentencing. "Although the trial court did not elaborate on its consideration of R.C. 2929 .11 and 2929.12, '[a] trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes.'" *Slife*, *supra*, at ¶ 15, quoting *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 32.

**{¶7}** Further, on appeal, Hill concedes that his sentence is within the authorized statutory range. He argues that, when applied to the facts of this case, the considerations set forth in R.C. 2929.11 and R.C. 2929.12 do not support the sentence that the trial court imposed. However, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones*, *supra*, at ¶ 42.

{¶8} Even if we agreed that the factors and principles in the identified statutes weighed against the imposed sentence, appellate courts are not permitted to vacate or modify a sentence on such grounds. *State v. Whitaker*, 3d Dist. Hardin No. 6-22-12, 2023-Ohio-757, ¶ 17. In this case, the trial court imposed a sentence within the authorized range and considered the content of R.C. 2929.11 and R.C. 2929.12. *Id.* Since Hill has not raised an argument that establishes his sentence is clearly and convincingly contrary to law, his sole assignment of error is overruled.

*Conclusion*

{¶9} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Henry County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**WALDICK and ZIMMERMAN, J.J., concur.**

**/hls**