[Cite as *State v. Fischer*, 2025-Ohio-327.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

LOGAN H. FISCHER,

    DEFENDANT-APPELLANT.

CASE NO. 8-24-24

O P I N I O N

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

LOGAN H. FISCHER,

    DEFENDANT-APPELLANT.

CASE NO. 8-24-25

O P I N I O N

**Appeals from Logan County Common Pleas Court**
**Trial Court Nos. CR 23 06 0133 and CR 23 05 0114**

**Judgments Affirmed**

**Date of Decision: February 3, 2025**

APPEARANCES:

    *Addie J. King* **for Appellant**

    *Eric C. Stewart* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Logan H. Fischer ("Fischer") appeals the judgments of the Logan County Court of Common Pleas, arguing that the trial court erred in finding him guilty; in ordering him to serve a prison term; and in failing to make the required findings before imposing consecutive sentences. For the reasons set forth below, the judgments of the trial court are affirmed.

*Facts and Procedural History*

{¶2} On March 23, 2023, the police were called to Fischer's residence after neighbors reported hearing multiple gunshots. Law enforcement was informed that Fischer "may want to die suicide by police or shoot at officers as they arrive[d]." (Doc. 30A). After arriving at the scene, one responding officer was positioned next to Fischer's house when a bullet came out of the window above his head, fracturing the glass and requiring him to seek cover to ensure his safety.

{¶3} After establishing a perimeter, the police were able to coax Fischer out of the house and take him into custody. While examining the premises, law enforcement located a handgun in addition to multiple bullet holes in the exterior walls of Fischer's house that went in the direction of nearby, occupied residences and a public roadway. At the correctional facility, Fischer told staff that the "responding officers were lucky he did not put holes in them like Swiss cheese." (Apr. 17 Tr. 15).

**{¶4}** On May 10, 2023, Fischer was indicted on one count of improperly discharging a firearm at or into a habitation or school safety zone in violation of R.C. 2923.161(A)(1), a second-degree felony; one count of discharging a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3), a third-degree felony; and one count of inducing panic in violation of R.C. 2917.31(A)(3), a first-degree misdemeanor. These charges were the basis of Case No. CR 23-05-0114.

**{¶5}** On May 28, 2023, the police responded to a reported assault at Acheson's Resort. At the scene, Robert Wellnitz ("Robert") reported that he and Taish Wellnitz ("Taish") had the left the building after Fischer had asked them for money. Fischer then followed them into the parking where he punched Robert in the face, knocking him to the ground. During an ensuing struggle, Fischer cut Taish's face with a knife. A bystander, Phillip Dotson ("Dotson") intervened and got the knife away from Fischer. Fischer then went to his vehicle and, while he was driving away from the scene, almost ran into Dotson as he left.

**{¶6}** Robert also reported that he was a witness who had cooperated with the prosecution in a case where Fischer was alleged to have lit his own truck on fire in order to obtain the insurance money. After speaking with these witnesses on the scene, the police went to Fischer's residence and spent roughly three hours trying to coax him out of his house. In a subsequent discussion with law enforcement, Fischer repeatedly called Robert a "narc" because of the role he (Robert) had played in the prior case against him. (Doc. 20B).

{¶7} On June 14, 2023, Fischer was indicted on one count of assault in violation of R.C. 2903.13(A), a first-degree misdemeanor; one count of retaliation in violation of R.C. 2921.05(B), a third-degree felony; and two counts of felonious assault in violation of R.C. 2903.11(A)(2), second-degree felonies. These charges were the basis of Case No. CR 23-06-0133. On September 6, 2023, the trial court granted a motion for the State to join Case No. CR 23-05-0114 and Case No. CR 23-06-0133.

{¶8} A change of plea hearing took place on March 13, 2024. In Case No. CR 23-05-0114, Fischer entered a plea of guilty to one count of discharging a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3), a third-degree felony. In Case No. CR 23-06-0133, Fischer entered a plea of no contest to one count of retaliation in violation of R.C. 2921.05(B), a third-degree felony. The trial court found Fischer guilty of the charges for which pleas were entered. On the State's motion, the trial court then dismissed the remaining charges in both of these cases.

{¶9} At a sentencing hearing on April 17, 2024, the trial court imposed a prison term of two years for Fischer's conviction for discharging a firearm on or near prohibited premises and a prison term of two years for his conviction for retaliation. The trial court then ordered the prison terms imposed in these two cases to be served consecutively for an aggregate sentence of four years.

-4-

{¶10} Fischer filed his notices of appeal on May 17, 2024. On appeal, he raises the following three assignments of error:

**First Assignment of Error**

**The trial court erred in finding the defendant-appellant guilty on the strength of the indictment after a no contest plea to a lack of articulable facts in the indictment with regard to the retaliation charge.**

**Second Assignment of Error**

**The trial court erred in sentencing defendant-appellant to prison without adequately considering the mitigating factors presented at sentencing.**

**Third Assignment of Error**

**The trial court erred in imposing a consecutive sentence without making appropriate findings.**

*First Assignment of Error*

{¶11} Fischer argues that, after he entered a no contest plea, the trial court could not find him guilty of retaliation based on the contents of the indictment.

Legal Standard

{¶12} Crim.R. 11(B)(1) states that that a "plea of guilty is a complete admission of the defendant's guilt." In contrast, a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment * * *." Crim.R. 11(B)(2). Based on this language, the Ohio Supreme Court held that, "where the indictment * * * contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the

defendant guilty of the charged offense." *City of Girard v. Giordano*, 2018-Ohio-5024, ¶ 19, quoting *State v. Bird*, 81 Ohio St.3d 582, 584 (1998).

{¶13} "The language of an indictment is sufficient to charge an offense if its language mirrors the statute with which the defendant is charged." *State v. Francis*, 2008-Ohio-2605, ¶ 11 (3d Dist.). Further, a no contest plea "admit[s] the truth of the allegations in the indictment" and "relieve[s]" the State of the obligation to "prove beyond a reasonable doubt all elements of the indictment * * *." *Bird* at 584. "[B]y pleading no contest to the indictment," a defendant "is foreclosed from challenging the factual merits of the underlying charge" on appeal. *Id.* at 584, 585.

Legal Analysis

{¶14} At the March 13, 2024 hearing, Fischer entered a plea of no contest to one charge of retaliation in violation of R.C. 2921.05(B). In so acting, he admitted the truth of what was alleged in the indictment as to this charge. *See* Crim.R. 11(B)(2). The indictment from Case No. CR 23-06-0133 reads, in its relevant part, as follows:

> Logan H. Fischer, on or about the 28th day of May, 2023, at the county of Logan aforesaid did purposely and by force or by unlawful threat of harm to any person or property, retaliate against the victim of a crime because Victim #1 filed or prosecuted criminal charges in violation of Ohio Revised Code §2921.05(B), 2921.05(C), Retaliation, a felony of the third degree.

(Doc. 2B). In turn, the statute identified in the indictment defines the offense of retaliation as follows: "No person, purposely and by force or by unlawful threat of

harm to any person or property, shall retaliate against the victim of a crime because the victim filed or prosecuted criminal charges." R.C. 2905.05(B).

{¶15} By mirroring the statutory language of R.C. 2921.08(B), the indictment was sufficient to charge Fischer with the offense of retaliation. *State v. Blair*, 2021-Ohio-266, ¶ 29 (3d Dist.). On appeal, Fischer argues that the trial court could not find him guilty after he pled no contest because the indictment does not contain additional factual information beyond the basic allegations that constitute the charge of retaliation. However, we find this argument to be without merit as "[a]n indictment that states the charged offense in terms of the statute—without more—is sufficient to convict a defendant following a no-contest plea." *State v. Johnson*, 2023-Ohio-2008, ¶ 21 (6th Dist.).

{¶16} We also note that the trial court conducted a thorough plea colloquy in this case. *Blair* at ¶ 29. The trial court informed Fischer that, by entering a no contest plea, "you're not admitting your guilt but you are admitting the truth of the facts as alleged in the indictment[.]" (Mar. 13 Tr. 7). The trial court also explained "that if the allegations in the indictment are sufficient to state a felony offense, the Court must find you guilty[.]" (*Id.*). After being read the relevant portion of the indictment, Fischer affirmed that he would "admit those facts" and entered a plea of no contest to the charge of retaliation. (*Id.* at 9-10).

{¶17} Having reviewed the content of the indictment, we conclude that the trial court did not err in finding Fischer guilty of the offense of retaliation. *State v.*

-7-

*Buckley*, 2024-Ohio-499, ¶ 23 (12th Dist.). Further, Fischer's no contest plea means that he is "foreclosed from challenging the factual merits" of his conviction for retaliation on appeal. *State v. Lichtenberger*, 2003-Ohio-1581, ¶ 8-9 (3d Dist.). Accordingly, the first assignment of error is overruled.

*Second Assignment of Error*

**{¶18}** Fischer argues that the trial court did not properly apply the considerations set forth in R.C. 2929.11 and R.C. 2929.12 in fashioning a sentence.

Legal Standard

**{¶19}** "R.C. 2953.08(G)(2) establishes the scope of appellate review for felony sentences." *State v. Morgan*, 2024-Ohio-625, ¶ 15 (3d Dist.). This provision reads in its relevant part as follows:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

Accordingly, this provision "permits an appellate court to modify or vacate a sentence if the appellate court clearly and convincingly finds that the record does

not support the sentencing court's findings under certain specified statutory provisions." *State v. Slife*, 2021-Ohio-644, ¶ 13 (3d Dist.).

**{¶20}** While R.C. 2953.08(G)(2)(a) mentions the R.C. 2929.14(C)(4) findings that are required to impose sentences consecutively, this provision makes no mention of R.C. 2929.11 or R.C. 2929.12. *Slife* at ¶ 13. Further, "R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 39. For this reason, R.C. 2953.08(G)(2) does not enable an appellate court to modify or vacate a felony sentence "based upon a finding by clear and convincing evidence that the record does not support the trial court's 'findings' under R.C. 2929.11 and R.C. 2929.12." *State v. Foster*, 2021-Ohio-1454, ¶ 31 (3d Dist.).

Legal Analysis

**{¶21}** At the sentencing hearing, the trial court stated that it had considered the purposes and principles of felony sentencing in R.C. 2929.11 in addition to the seriousness and recidivism factors in R.C. 2929.12. In the process of imposing a sentence, the trial court found that several of the seriousness and recidivism factors set forth in R.C. 2929.12 were applicable in this case. In particular, the trial court found that the factor listed in R.C. 2929.12(B)(1) was applicable because of the "physical, mental, and emotional harm" suffered by the victims of these offenses. (Apr. 17 Tr. 15).

**{¶22}** On appeal, Fischer argues that his sentence should be reversed because the trial court did not specifically describe the harm suffered by the victims in finding that the factor listed in R.C. 2929.12(B)(1) was applicable. However, Fischer has not identified any legal authority that would suggest that the trial court was required to state the factual findings that supported the application of the relevant R.C. 2929.12 factors at sentencing. He also does not address the evidence before the trial court that documented the harm these offenses visited on Robert, the responding officers, and the neighbors who reported the gunshots.

**{¶23}** While a "trial court has a mandatory duty to 'consider' the statutory factors under R.C. 2929.11 and 2929.12, the court is not required to engage in any factual findings under R.C. 2929.11 or 2929.12." *State v. Osborn*, 2017-Ohio-8228, ¶ 28 (8th Dist.). In fact, "[a] trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Slife*, 2021-Ohio-644, ¶ 15, quoting *State v. Maggette*, 2016-Ohio-5554, ¶ 32 (3d Dist.).

**{¶24}** Fischer is ultimately asking this Court to determine whether the record supports the findings that the trial court made pursuant to R.C. 2929.12 and R.C. 2929.11. However, "an appellate court errs if it * * * modifies or vacates a sentence 'based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12.'" *State v. Dorsey*, 2021-Ohio-76, ¶ 17 (2d Dist.), quoting *Jones*, 2020-Ohio-6729, ¶ 29. Thus, even if we agreed that the principles

and factors set forth in the identified statutes weighed against the imposed sentence, we still would have no basis to vacate or modify his sentence. *See State v. Whitaker*, 2023-Ohio-757, ¶ 17 (3d Dist.); *State v. Hill*, 2024-Ohio-1850, ¶ 8 (3d Dist.).

**{¶25}** In conclusion, the trial court considered the content of R.C. 2929.11 and R.C. 2929.12 before imposing prison terms that were within the statutory range. On appeal, Fischer has not established that the trial court erred in the process of imposing this sentence. Accordingly, the second assignment of error is overruled.

### *Third Assignment of Error*

**{¶26}** Fischer argues that the trial court erred by failing to make the appropriate findings prior to imposing consecutive sentences in this case.

### Standard of Review

**{¶27}** Under R.C. 2953.08(G)(2), an appellate court may vacate or modify a sentence if there is clear and convincing evidence that the record does not support the findings that the trial court made pursuant to R.C. 2929.14(C)(4). *Morgan*, 2024-Ohio-625, ¶ 6. "Clear and convincing evidence is that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *State v. Taflinger*, 2018-Ohio-456, ¶ 12 (3d Dist.), quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

Legal Standard

**{¶28}** R.C. 2929.14(C)(4) governs the imposition of consecutive sentences

and reads, in its relevant part, as follows:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

Thus, in order to impose prison terms consecutively, the trial court is required to

make the following findings:

(1) that consecutive sentences are necessary to protect the public or punish the offender ('the necessity finding'); (2) that consecutive sentences are not disproportionate to the seriousness of the offense ('the proportionality finding'); and (3) that one of the three factors listed in R.C. 2929.14(C)(4)(a-c) is applicable.

*State v. Dendinger*, 2023-Ohio-4255, ¶ 18 (3d Dist.). Further, the trial court must make the required findings at the sentencing hearing and must then incorporate these findings into its judgment entry of sentencing. *State v. Rodriguez*, 2020-Ohio-2987, ¶ 13 (3d Dist.).

Legal Analysis

{¶29} Fischer argues that the trial court did not make the "appropriate findings" to impose sentences consecutively in this case. (Appellant's Brief, 11). However, at the sentencing hearing, the trial judge expressly stated the necessity and proportionality findings. The trial judge then found that the factor listed in R.C. 2929.14(C)(4)(a) was applicable because Fischer was awaiting trial in Case No. CR 23-05-0114 when he committed the offenses that became the basis of Case No. CR 23-06-0133. The trial judge also found that Fischer's history of criminal conduct made the factor listed in R.C. 2929.14(C)(4)(c) applicable in this case. Since these findings were incorporated into the sentencing entry, the trial court completed the process of making the findings that were required to impose consecutive sentences pursuant to R.C. 2929.14(C)(4).

{¶30} Fischer also argues that the required findings are not supported by the evidence in the record. As to the necessity finding, the record establishes that Fischer fired a gun multiple times in the direction of neighboring houses and a public roadway while he was inside his house. He then told the staff at the correctional facility that the police "officers were lucky he did not put holes in them like Swiss

-13-

cheese." (Apr. 17 Tr. 15). In the subsequent incident, Fischer was involved in a physical altercation with three people in which one person was cut with a knife.

{¶31} As to the proportionality finding, the record establishes that, when his neighbors reported hearing the sound of gunshots coming from Fischer's house, the police were warned that he might be attempting to set up a "suicide by police" with these actions and may "shoot at the officers as they arrive." (Doc. 30A). One bullet that Fischer fired passed above the head of a responding officer who was standing outside of the house. In a subsequent incident, Fischer approached a person who had been a witness against him in a prior criminal proceeding; followed him outside; and then punched him in the face. When another person intervened, Fischer used a knife to cut his face. A third person then intervened to wrest the knife from Fischer's hand.

{¶32} Finally, as to the R.C. 2929.14(C)(4)(a) factor, the record establishes that Fischer was indicted on May 10, 2023 in Case No. CR 23-05-0114. The offenses that gave rise to the charges in Case No. CR 23-06-0133 were committed on May 28, 2023. Thus, Fischer was awaiting trial on charges at the time of the crimes in the second case were committed. As to the R.C. 2929.14(C)(4)(c) factor, the presentence investigation before the trial judge showed that his prior record documented over twenty incidents in which he engaged in various forms of criminal activity over the past two decades.

**{¶33}** Having examined the record, we conclude that the trial court made the statutory findings that are required in order to impose sentences consecutively under R.C. 2929.14(C)(4). Further, "the trial court's findings are not clearly and convincingly unsupported by the record." *State v. Hobbs*, 2024-Ohio-5435, ¶ 20 (3d Dist.), citing *State v. Glover*, 2024-Ohio-5195, ¶ 22. Accordingly, the third assignment of error is overruled.

### *Conclusion*

**{¶34}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgments of Logan County Court of Common Pleas are affirmed.

***Judgments Affirmed***

**WALDICK, P.J. and ZIMMERMAN, J., concur.**

**/hls**