[Cite as *State v. Thompson*, 2022-Ohio-2092.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  8-21-37

    v.

KIMANI V. L. THOMPSON,           O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 20 11 0264

**Judgment Affirmed**

**Date of Decision:  June 21. 2022**

APPEARANCES:

    *Eric J. Allen* **for Appellant**

    *Stacia L. Rapp* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Kimani Thompson ("Thompson"), brings this appeal from the November 2, 2021 judgment of the Logan County Common Pleas Court sentencing him to a 24-month prison term after Thompson pled guilty to, and was convicted of, attempted aggravated trafficking in drugs. On appeal, Thompson argues that the trial court erred in its application of sentencing factors under R.C. 2929.12.

*Background*

{¶2} On November 10, 2020, Thompson was indicted for aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), a second degree felony. It was alleged that on October 9, 2020, Thompson was involved in selling a confidential informant over 20 grams of methamphetamine for $1,000.

{¶3} Thompson originally pled not guilty to the charge; however, on July 15, 2021, he entered into a written, negotiated plea agreement wherein he agreed to plead guilty to the lesser, amended charge of attempted aggravated trafficking in drugs, a third degree felony. A Crim.R. 11 hearing was held and it was determined that Thompson was entering a knowing, intelligent, and voluntary plea. Thompson was found guilty of the amended charge and sentencing was set for a later date.

{¶4} Thompson failed to appear for his scheduled sentencing hearing, so a capias was issued for his arrest. Thompson's sentencing hearing was then held

November 2, 2021, and he was ordered to serve a 24-month prison term. A judgment entry memorializing his sentence was filed that same day. It is from this judgment that Thompson appeals, asserting the following assignment of error for our review.

**Assignment of Error**
**The trial court erred by imposing a twenty-four month prison term.**

**{¶5}** In his assignment of error, Thompson argues that the trial court erred by imposing a 24-month prison term. More specifically, he contends that the trial court erred by finding that the drug sale was part of organized criminal activity under R.C. 2929.12(B)(7), making the conduct more serious than conduct normally constituting the offense.

Standard of Review

**{¶6}** Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under *relevant* statutes or that the sentence is otherwise contrary to law." (Emphasis added.) *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

Relevant Authority

**{¶7}** "Trial courts have full discretion to impose any sentence within the statutory range." *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9. A sentence imposed within the statutory range is not contrary to law as long as the trial court considered the purposes and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12. *State v. Silfe*, 3d Dist. Auglaize No. 2-20-17, 2021-Ohio-644, ¶ 10.

**{¶8}** Revised Code 2929.11(A) provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." To achieve the overriding purposes of felony sentencing, R.C. 2929.11 directs courts to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

**{¶9}** In addition, R.C. 2929.11(B) instructs that a sentence imposed for a felony "shall be reasonably calculated to achieve the three overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness

of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶10} "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Silfe* at ¶ 12. A sentencing court has broad discretion to determine how much weight to assign each sentencing factor in R.C. 2929.12. *Id*.

{¶11} Importantly, in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, the Supreme Court of Ohio clarified the proper scope of review of felony sentences imposed in cases, like the present case, where the defendant's appeal challenges the trial court's application of R.C. 2929.11 and 2929.12. In *Jones*, the court held that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39.

{¶12} The court determined in *Jones* that R.C. 2953.08(G)(2)(a) does not list R.C. 2929.11 or 2929.12 as valid reasons to modify or vacate a trial court's sentence. The Supreme Court of Ohio held that "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Jones* at ¶ 32. Accordingly, pursuant to *Jones*, an appellate

court errs if it modifies or vacates a sentence "based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12." *Jones* at ¶ 29.

## Analysis

**{¶13}** In this case, the trial court indicated it considered the principles and purposes of sentencing and the appropriate sentencing statutes, specifically citing them, then ordered Thompson to serve a 24-month prison term. It is not disputed in this case that the 24-month prison term was within the appropriate statutory range. Pursuant to R.C. 2929.14(A)(3)(b), the potential prison terms were "nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." As the prison term was within the appropriate statutory range, and the trial court considered the appropriate statutes, the prison sentence is presumptively valid. *State v. Foster*, 3d Dist. Union No. 14-20-17, 2021-Ohio-3408, ¶ 35.

**{¶14}** In an attempt to undermine the "presumptively valid" sentence in this matter, Thompson argues that the trial court erred by determining at sentencing that Thompson committed the offense "as part of an organized criminal activity," which is an aggravating factor under R.C. 2929.12(B)(7). However, we emphasize that pursuant to *Jones*, we have no authority to modify or vacate a sentence based on any lack of support in the record for a trial court's findings under R.C. 2929.12.

*Jones* at ¶ 29. This reason alone would constitute a sufficient basis to overrule Thompson's assignment of error.

**{¶15}** Nevertheless, the trial court specifically explained on the record why it determined that the drug trafficking in this case was part of "organized criminal activity." The trial court determined that Thompson possessed a large amount of methamphetamine, that he committed the transaction with an accomplice, and that he ultimately engaged in conduct "that's greater than normal for someone engaged in solo independent street sales of surplus drugs merely to satisfy a personal addiction." (Tr. at 8). The trial court thus supported its determination by facts in the record. *See State v. Lewis*, 3d Dist. Marion No. 9-20-49, 2021-Ohio-1692, (stating, *inter alia*, that there is not a bright line test for determining what constitutes organized criminal activity and that organized criminal activity does not have a singular application).

**{¶16}** Finally, even if we could consider the trial court's evaluation of sentencing factors under R.C. 2929.11 and R.C. 2929.12 in vacating or modifying a felony sentence, and even if we did find that the trial court's determination related to "organized criminal activity" was erroneous, the trial court still made other findings that supported the sentence in this matter such as the fact that the sale of over 20 grams of methamphetamine was more serious than the normal type of offense here. Thompson's actions had, in fact, been indicted as a second degree

felony. In addition, the trial court determined that Thompson had a criminal history and that he had a failure to respond favorably to prior sanctions.

{¶17} For all of these reasons we find that Thompson has not established that his prison sentence was clearly and convincingly contrary to law. Therefore, his assignment of error is overruled.

*Conclusion*

{¶18} For the foregoing reasons the assignment of error is overruled and the judgment of the Logan County Common Pleas Court is affirmed.

***Judgment Affirmed***

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**