[Cite as *State v. Howze*, 2025-Ohio-2630.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JEREMY HOWZE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 BE 0005

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 22 CR 253

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan,* Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

Jeremy Howze, Defendant-Appellant.

Dated:  July 25, 2025

**DICKEY, J.**

**{¶1}** Appellant, Jeremy Howze, was convicted and sentenced for one count of aggravated possession of drugs (methamphetamine, a schedule II drug) in violation of R.C. 2925.11(A) and (C)(1)(b) (in an amount in excess of the bulk amount but less than five times the bulk amount), a felony of the third degree (Count III); one count of trafficking in tramadol (a schedule IV drug) in violation of R.C. 2925.03(A)(2) and (C)(2)(b) (in an amount in excess of the bulk amount but less than five times the bulk amount), a felony of the fourth degree, with a forfeiture specification pursuant to R.C. 2941.1417(A) (Count IV); and one count of possession of drugs (tramadol) in violation of R.C. 2925.11(A) and (C)(2)(b), a felony of the fourth degree, with a forfeiture specification pursuant to R.C. 2941.1417(A) (Count V), following a jury trial.

**{¶2}** The Belmont County Court of Common Pleas merged Counts IV and V, and imposed a sentence of 30 months for Count III and 12 months for Count IV, to be served consecutively, for an aggregate sentence of 42 months. The trial court also ordered forfeiture of Appellant's Black 2014 Chrysler 300.

**{¶3}** Appellant filed a direct appeal, Case No. 24 BE 0002. On November 18, 2024, this court affirmed Appellant's convictions and sentence, but reversed and vacated the portion of the sentencing entry relating to forfeiture, and remanded the matter for the trial court to conduct a proportionality review hearing. *State v. Howze*, 2024-Ohio-5447, ¶ 4, 69 (7th Dist.).

**{¶4}** In accordance with this court's remand, the trial court held a proportionality review hearing on January 2, 2025. On January 6, 2025, the trial court found that Appellee, the State of Ohio, had proven by clear and convincing evidence that Appellant's vehicle is subject to forfeiture pursuant to R.C. 2981.02 and ordered the forfeiture of his vehicle to the State.

**{¶5}** Appellant filed the instant pro se appeal, Case No. 25 BE 0005. At issue here is whether the forfeiture of Appellant's vehicle constitutes an excessive fine. Finding no reversible error, we affirm.

Case No. 25 BE 0005

## FACTS AND PROCEDURAL HISTORY

{¶6}     The following facts and procedural history are taken from Appellant's direct appeal, Case No. 24 BE 0002:

The only testimony at trial was offered by two members of the drug interdiction unit of the Belmont County Sheriff's Department on behalf of the state. According to Detective Jason Schwarck, the interdiction unit regularly surveils local hotels notorious for high drug activity. Detective Schwarck was on routine patrol on September 21, 2022 when he did a pass through of the Knights Inn in St. Clairsville, Ohio. Detective Schwarck's interest was piqued by a relatively new black Chrysler 300 in the parking lot, as the other vehicles in the parking lot were much older. Further, the license plate revealed the Chrysler 300 was registered in Cuyahoga County, a known source of drugs being trafficked into Belmont County. As a consequence, Detective Schwarck ran the license plate, which identified Appellant as the owner of the vehicle. Detective Schwarck conducted no further surveillance, but "kept [the information] in the back of [his] mind." (Trial Tr., p. 175-176.)

The following day, Detective Schwarck was on routine patrol when he saw the same vehicle at Hilltop Sunoco, a gas station located roughly one-half mile from the Knights Inn. Detective Schwarck drove his patrol car past the gas station, then surveilled the suspect vehicle. The Chrysler 300 cut across Interstate [70] and drove to another gas station, A-Plus Fuel Mart. Rather than entering the gas station lot, the vehicle stopped in the roadway.

Detective Schwarck pulled directly behind the Chrysler 300, prompting the driver of the Chrysler 300 to attempt to waive Detective Schwarck around the stopped vehicle. Instead, Detective Schwarck activated his overhead lights and his body camera, then approached the vehicle on foot.

Appellant was in the driver's seat and Ernest Whitsett was in the passenger seat. After a brief conversation to identify both occupants, Detective Schwarck told Appellant that he would issue a written warning if there were no issues with Appellant's driver's license.

Detective Schwarck instructed Appellant to exit his vehicle. Detective Schwarck testified he intended to ask Appellant to sit in the patrol car while Detective Schwarck completed the written warning. Detective Schwarck explained he would be distracted while completing the written warning and wanted to be certain Appellant did not have any weapons. Appellant consented to a pat down search.

During the pat down search, Detective Schwarck felt something in Appellant's pocket. Appellant told Detective Schwarck that it was marijuana, but Detective Schwarck observed during his testimony that marijuana feels more like "leaves and stems," and the contents of Appellant's pocket "felt softer." (*Id.* at p. 189.) Detective Schwarck removed a plastic bag filled with white powder from Appellant's pocket, which Detective Schwarck believed was either cocaine or fentanyl. The plastic bag and its contents were weighed (3.32 grams) and subsequent lab testing established the substance was methamphetamine. The methamphetamine found in Appellant's pocket provides the basis for Count III of the Indictment.

Based on the discovery of suspected illegal drugs in Appellant's pocket, Detective Schwarck, in conjunction with other law enforcement officers who had arrived at the scene, conducted a vehicle search. The search of the automobile yielded a backpack containing clothing, shoes, counterfeit currency, a mobile telephone, and twenty-two individual baggies of marijuana and blue pills wrapped in plastic in a plastic grocery store bag. The backpack was found on the backseat. The blue pills were weighed (120 grams) and subsequent lab testing established they were tramadol. The tramadol found in the backpack provide the basis for Counts IV and V of the Indictment.

Appellant and Whitsett were arrested. Whitsett surrendered additional white powder and blue pills at the police station. The substances were weighed and subsequent lab testing established the white powder and pills were fentanyl, which provided the basis for Count I and II of the Indictment, for which Appellant was acquitted.

According to the testimony of Belmont County Sheriff's Deputy Randy Stewart, Appellant returned to the jail the day following his arrest to recover property seized from the automobile, including the backpack and its legal contents. Deputy Stewart conceded on cross-examination that only the registered owner of the vehicle could request the release of its contents.

Appellant was indicted for one count of trafficking in a fentanyl-related compound (a schedule I drug) in violation of R.C. 2925.03(A)(2) and (C)(9)(g) (greater than fifty grams but less than one hundred grams), a felony of the first degree with a forfeiture specification pursuant to R.C. 2941.1417(A) (Count I); one count of possession of drugs (fentanyl-related compound) in violation of R.C. 2925.11(A) and (C)(11)(f) (greater than fifty grams but less than one hundred grams), a felony of the first degree with a forfeiture specification pursuant to R.C. 2941.1417(A) (Count II); one count of aggravated possession of drugs (methamphetamine), one count of trafficking in tramadol, and one count of possession of drugs (tramadol).

Appellant's trial commenced on October 19, 2023 and concluded the following day. . . .

Appellant was ultimately convicted of the charges predicated upon the methamphetamine found in his pocket (Count III) and the tramadol found in the backpack (Counts IV and V). Appellant was acquitted of the charges predicated upon the fentanyl surrendered by Whitsett at the Sherriff's Department.

. . .

At the sentencing hearing on February 12, 2024, the trial court merged Counts IV and V, and imposed a sentence of thirty months for Count III and twelve months for Count IV, to be served consecutively, for an aggregate sentence of forty-two months. Further, the trial court stated without objection, "(Appellant's) vehicle is hereby ordered forfeited, pursuant to the jury finding of that specification." (2/12/24 Sent. Hrg. Tr., p. 19.) With respect to forfeiture, the sentencing entry reads, in relevant part, "[p]ursuant to the Jury verdict, (Appellant's) Black 2014 Chrysler 300, VIN # XXXXXXXXXXXXXXXX, is hereby forfeited to the Belmont County Sheriff's Office."

*Howze*, 2024-Ohio-5447, at ¶ 5-16, 29 (7th Dist.).

**{¶7}** Appellant filed his direct appeal, Case No. 24 BE 0002. Appellant advanced three assignments of error: (1) Appellant contended he was denied his Sixth Amendment right to counsel because his attorney was suspended from the practice of law on the first day of the two-day trial for his failure to pay a monetary sanction imposed due to his lack of compliance with Continuing Legal Education requirements for the 2019/2020 biennium; (2) Appellant argued the omission of the felony level or the identification of the drug by schedule in the verdict form for Count III requires this court to reduce his conviction for Count III to simple possession of drugs in violation of R.C. 2925.11(A) and (C)(2), a felony of the fourth degree, and remand the matter for resentencing; and (3) Appellant asserted (and the State conceded) the trial court erred in failing to undertake a proportionality review before ordering the forfeiture of Appellant's vehicle. *Howze* at ¶ 3.

**{¶8}** On November 18, 2024, this court affirmed Appellant's convictions and sentence, but reversed and vacated the portion of the sentencing entry relating to forfeiture, and remanded the matter for the trial court to conduct a proportionality review hearing. *Howze* at ¶ 4, 69.

**{¶9}** In accordance with this court's remand, the trial court held a proportionality review hearing on January 2, 2025. At that hearing, Detective Schwarck again testified. He was shown the title to the vehicle, which revealed Appellant as its owner and that it was a salvage title. The vehicle's odometer showed 19,019 miles. However, it was Detective Schwarck's understanding that the motor had been swapped out suggesting

that the mileage on the impound form was not accurate. Detective Schwarck was shown a Kelley Blue Book estimate indicating that a similar vehicle having 253,121 miles would be valued between $4,519 and $6,832. He testified that this range was the fair market value of Appellant's vehicle.

{¶10} Detective Schwarck also reiterated his trial testimony confirming that in Appellant's vehicle, officers found a backpack containing pills. The pills looked like Oxycodone 30 milligram tablets but, in fact, contained tramadol. There were 1,693 pills reported. Detective Schwarck testified that the street value of those pills would exceed $10,000. He said the value of each pill would exceed $10. Methamphetamine was also found in Appellant's pocket. Additional pills found in Appellant's vehicle, believed to have been held by the passenger, contained fentanyl.

{¶11} On January 6, 2025, the trial court found the State had proven by clear and convincing evidence that Appellant's vehicle is subject to forfeiture pursuant to R.C. 2981.02 and ordered the forfeiture of his vehicle to the State.

{¶12} Appellant filed the instant pro se appeal, Case No. 25 BE 0005, and raises a single assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED, TO THE [PREJUDICE] OF APPELLANT, IN SUBJECTING PROPERTY TO FORFEITURE BASED UPON THE VALUE OF THE CONTRABAND AND DRUGS APPELLANT WAS NOT CULPABLE FOR.**

{¶13} At issue here is whether the forfeiture of Appellant's vehicle constitutes an excessive fine. Appellant asserts "[t]he seriousness of the offense was minimum"; "[t]here was no impact on the community because the offense had no victim"; "[he] was not the principal offender"; "[t]he use of the property was merely incidental and fortuitous and was not important to the possession of contraband drugs"; and "[t]he primary use of property wasn't to obtain an illegal end and it was used illegally for only a short period of time, in an isolated event." (4/9/2025 Appellant's Brief, p. 3).

{¶14}  R.C. Chapter 2981.01, et seq., codifies procedures that must be followed to effectuate the forfeiture of seized property.  R.C. 2981.02 sets forth the property subject to forfeiture and provides, in relevant part:

> (A)(1) The following property is subject to forfeiture to the state or a political subdivision under either the criminal or delinquency process in section 2981.04 of the Revised Code or the civil process in section 2981.05 of the Revised Code:
>
> . . .
>
> (c) An instrumentality that is used in or intended to be used in the commission or facilitation of any of the following offenses when the use or intended use, consistent with division (B) of this section, is sufficient to warrant forfeiture under this chapter:
>
> (i) A felony[.]

R.C. 2981.02(A)(1)(c)(i).

{¶15}  R.C. 2981.04, which governs forfeiture specifications, states, in relevant part:

> If a person pleads guilty to or is convicted of . . . an offense . . . and the complaint, indictment, or information charging the offense . . . contains a specification covering property subject to forfeiture under section 2981.02 of the Revised Code, the trier of fact shall determine whether the person's property shall be forfeited. If the state . . . proves by clear and convincing evidence that the property is in whole or part subject to forfeiture under section 2981.02 of the Revised Code, after a proportionality review under section 2981.09 of the Revised Code when relevant, the trier of fact shall return a verdict of forfeiture that specifically describes the extent of the property subject to forfeiture.

R.C. 2981.04(B).

Case No. 25 BE 0005

**{¶16}** In turn, R.C. 2981.09 sets forth the standard for a proportionality determination, stating, in relevant part:

(A) Property may not be forfeited as an instrumentality under this chapter to the extent that the amount or value of the property is disproportionate to the severity of the offense. The state . . . shall have the burden of going forward with the evidence and the burden to prove by clear and convincing evidence that the amount or value of the property subject to forfeiture is proportionate to the severity of the offense.

. . .

(C) In determining the severity of the offense for purposes of forfeiture of an instrumentality, the court shall consider all relevant factors including, but not limited to, the following:

(1) The seriousness of the offense and its impact on the community, including the duration of the activity and the harm caused or intended by the person whose property is subject to forfeiture;

(2) The extent to which the person whose property is subject to forfeiture participated in the offense;

(3) Whether the offense was completed or attempted;

(4) The extent to which the property was used in committing the offense;

(5) The sentence imposed for committing the offense that is the basis of the forfeiture, if applicable.

(D) In determining the value of the property that is an instrumentality and that is subject to forfeiture, the court shall consider relevant factors including, but not limited to, the following:

(1) The fair market value of the property;

(2) The value of the property to the person whose property is subject to forfeiture, including hardship to the person or to innocent persons if the property were forfeited. The burden shall be on the person whose property is subject to forfeiture to show the value of the property to that person and any hardship to that person.

R.C. 2981.09(A), (C)(1)-(5), (D)(1)-(2).

{¶17} The proportionality review required by R.C. 2981.04(B) and 2981.09(A) is mandated by the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution, because the forfeiture of property is a form of punishment for a specified offense and thus is a "fine" for purposes of the United States and Ohio Constitutions. *State v. Hill*, 70 Ohio St.3d 25, 32-35 (1994).

{¶18} The factors set forth in R.C. 2981.09(C) closely follow the factors a trial court must consider in determining whether forfeiture "is grossly disproportionate to the seriousness of the offense," and therefore constitutes an "excessive fine" within the meaning of the Eighth Amendment. *Hill* at 33, quoting *United States v. Sarbello*, 985 F.2d 716, 724 (3rd Cir.1993) ("lower court's proportionality analysis '. . . must necessarily accommodate the facts of the case and weigh the seriousness of the offense, including the moral gravity of the crime measured in terms of the magnitude and nature of its harmful reach, against the severity of the criminal sanction.'")

{¶19} Appellant admits his vehicle "was used illegally" but claims "[he] was not the principal offender[.]" (4/9/2025 Appellant's Brief, p. 3). The record reveals Appellant "participated in the offense", "the offense was completed", and "the property [subject to forfeiture, i.e., his vehicle] was used in committing the offense[.]" R.C. 2981.09(C)(2)-(4).

{¶20} As stated, Appellant was convicted and sentenced for one count of aggravated possession of drugs (methamphetamine, a schedule II drug) in violation of R.C. 2925.11(A) and (C)(1)(b) (in an amount in excess of the bulk amount but less than five times the bulk amount), a felony of the third degree (Count III); one count of trafficking in tramadol (a schedule IV drug) in violation of R.C. 2925.03(A)(2) and (C)(2)(b) (in an amount in excess of the bulk amount but less than five times the bulk amount), a felony of the fourth degree, with a forfeiture specification pursuant to R.C. 2941.1417(A) (Count

Case No. 25 BE 0005

IV); and one count of possession of drugs (tramadol) in violation of R.C. 2925.11(A) and (C)(2)(b), a felony of the fourth degree, with a forfeiture specification pursuant to R.C. 2941.1417(A) (Count V), following a jury trial.

{¶21} At the proportionality review hearing, Detective Schwarck reiterated his trial testimony confirming that in Appellant's vehicle, officers found a backpack containing pills. The pills looked like Oxycodone 30 milligram tablets but, in fact, contained tramadol. There were 1,693 pills reported. Methamphetamine was also found in Appellant's pocket. The additional pills found in Appellant's vehicle, believed to have been held by the passenger, contained fentanyl. At trial, Detective Schwarck also testified that the backpack contained multiple bags of marijuana. Thus, Appellant's vehicle was being used to carry a significant amount of drugs. Contrary to Appellant's assertion, his vehicle was not "merely incidental and fortuitous" to his charged offenses. (4/9/2025 Appellant's Brief, p. 3).

{¶22} Appellant believes "[t]here was no impact on the community because the offense had no victim[.]" (*Id*.). However, Appellant was carrying 1,693 pills which Detective Schwarck testified had a street value of over $10,000. Appellant was convicted of charges involving multiples of the bulk amounts of tramadol and methamphetamine. Appellant and his passenger were clearly expecting someone to buy and use those drugs. In addition, Appellant's vehicle was clearly being used to facilitate significant drug transactions.

{¶23} Appellant also believes "[t]he seriousness of the offense was minimum[.]" (*Id*.). However, the sale of fentanyl (Whitsett), tramadol (Appellant), and methamphetamine (Appellant) are serious offenses. *See, e.g., State v. Guerrero-Sanchez*, 2017-Ohio-8185 (2d Dist.) (fentanyl); *State v. Costell*, 2016-Ohio-3386 (3d Dist.) (tramadol); *State v. Thompson*, 2022-Ohio-2092 (3d Dist.) (methamphetamine).

{¶24} The value of the property is not excessive compared to the offenses. Appellant was convicted and sentenced on one felony of the third degree and two felonies of the fourth degree. The maximum fine for the felony of the third degree is $10,000. R.C. 2929.18(A)(3)(c). The maximum fine for the felonies of the fourth degree is $5,000. R.C. 2929.18(A)(3)(d). Again, the drugs at issue had a value of over $10,000 and the State's estimated fair market value of Appellant's vehicle was between $4,519 and

$6,832.  R.C. 2981.09(D)(1).  Also, other approved forfeitures demonstrate that the forfeiture in this case is not unduly harsh compared to the offenses.  *See, e.g., State v. Wolfe*, 2000 WL 875338 (7th Dist. June 30, 2000) (upholding the forfeiture of a $63,390 house where the drug transaction involved 6 grams of cocaine worth $800); *State v. Scheibelhoffer*, 1999 WL 476106 (11th Dist. June 30, 1999) (upholding the forfeiture of a $31,470 house after a conviction involving $250 worth of cocaine).  Appellant failed to show that the forfeiture of his vehicle would pose a hardship to him.  R.C. 2981.09(D)(2) ("The burden shall be on the person whose property is subject to forfeiture to show the value of the property to that person and any hardship to that person").

{¶25}  Accordingly, Appellant's vehicle is subject to forfeiture to the State.  R.C. 2981.02(A)(1)(c)(i).  The State presented clear and convincing evidence to demonstrate that forfeiture of Appellant's vehicle is proportionate to the severity of the offenses and does not constitute an excessive fine.  R.C. 2981.04(B) and 2981.09(A).  Thus, the trial court did not err in ordering forfeiture of Appellant's vehicle to the State following the proportionality review hearing under R.C. 2981.09.  *Id.*

## CONCLUSION

{¶26}  For the foregoing reasons, Appellant's sole assignment of error is not well-taken.  The January 6, 2025 judgment of the Belmont County Court of Common Pleas ordering the forfeiture of Appellant's vehicle to the State is affirmed.

Robb, P.J., concurs.

Hanni, J., concurs.

Case No. 25 BE 0005

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**