[Cite as *State v. Byrd*, 2025-Ohio-5857.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellant,          :

                              No. 115014

    v.                            :

JEREMY BYRD,                             :

    Defendant-Appellee.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 31, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-695828-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew W. Moretto, Assistant Prosecuting Attorney, *for appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, Jennifer J. Pritchard, Assistant Public Defender, *for appellee*.

SEAN C. GALLAGHER, P.J.:

{¶ 1} The State appeals the trial court's interlocutory decision compelling it to disclose the identity of a nonwitness to the factual allegations: the confidential informant who provided information used to obtain a warrant leading to the search

of Jeremy Byrd's residence. Byrd has not challenged the legality of the search, the fruit of which is the basis of the underlying drug-related charges. For the following reasons, we reverse the trial court's decision and remand for further proceedings.

{¶ 2} In light of the interlocutory nature of this appeal, the underlying facts are sparse. Byrd was the subject of a surveillance operation that used a confidential informant to execute several controlled buys of illegal drugs from Byrd. This led investigating officers and detectives to obtain a search warrant for Byrd's residence. The search revealed and secured 77 grams of cocaine; multiple scales, including one with flurofentanyl residue; multiple cell phones; drug packaging materials; and $6,534.00 in currency. The drug-trafficking and related charges in the current indictment are solely based on the contraband discovered during the search. The indictment also includes forfeiture of Byrd's vehicle, which is alleged to have been used in, or obtained from the proceeds of, the underlying charges. There are no charges related to the controlled buys, which appear to have been investigatory tools used to secure the warrant.

{¶ 3} Several weeks before trial, Byrd, through counsel, filed a motion to compel the State to disclose the identity of the confidential informant identified in the search warrant. In that motion, Byrd generically claimed that the controlled buys were integral to the probable-cause determination underlying the warrant and that the confidential informant's credibility "is a cornerstone of the prosecution's case, and as such, the defense must be able to investigate any potential biases, motivations, or unreliability that may undermine the informant's information."

{¶ 4} The problem with both arguments starts with the fact that Byrd has never challenged the legality of the warrant or the ensuing search that led to the charges in the indictment. The underpinnings of the warrant are irrelevant to the trial. Further, the State's discovery response does not list the confidential informant as a potential trial witness and the State's certification of nondisclosure of discovery materials, as required under Crim.R. 16(D), only identifies telephone records as being discovery material withheld by the State. In other words, the State was not withholding the identity of a trial witness or one who had any information related to the charged conduct.

{¶ 5} The State filed a brief in opposition arguing that

[t]he Defendant in this case has not demonstrated that the information is vital to establish an element of the offense (the controlled buys were not charged); nor has he established that the CI's identity would be helpful or beneficial to his defense. The Defendant is only charged with drugs found because of the execution of a search warrant. The informant did not directly participate in the charged conduct, nor will the conduct between the informant and the defendant be introduced at trial.

Nonetheless, the trial court granted Byrd's motion to compel without a hearing, and this interlocutory appeal followed. *See* Crim.R. 12(K); *State v. Port Clinton Fisheries*, 12 Ohio St.3d 114 (1984), syllabus.

{¶ 6} "The common law recognizes a qualified privilege for law-enforcement investigatory information, including confidential sources, surveillance information, and law-enforcement techniques and procedures." *J&Cmarketing, L.L.C. v. McGinty*, 2015-Ohio-1310, ¶ 17. The "identity of an informant must be

revealed to a criminal defendant when the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense to criminal charges." *State v. Williams*, 4 Ohio St.3d 74, 77 (1983), syllabus.

{¶ 7} If, however, the informant's role is limited to providing information concerning the offense, disclosure is not permitted. *State v. Bays*, 87 Ohio St.3d 15, 25 (1999). "[W]here the informant merely provided information concerning the offense," the courts "have quite consistently held that disclosure is not required." *Id.*, quoting 3 LaFave & Israel, *Criminal Procedure*, Section 23.3 (1984). The defendant bears the burden of establishing the need for disclosure. *State v. Mays*, 2003-Ohio-6949 (8th Dist.), citing *State v. Brown*, 64 Ohio St.3d 649, 653 (1992). "In meeting this burden, the defendant must set forth more than mere speculation that 'the informer might somehow be of some assistance in preparing the case.'" *State v. Steward*, 2003-Ohio-1337, ¶ 13 (8th Dist.), quoting *State v. Parsons*, 64 Ohio App.3d 63, 69 (4th Dist. 1989); *see also State v. Evans*, 2015-Ohio-1022, ¶ 27 (8th Dist.). This is because if speculation was sufficient to defeat the privilege against disclosure, all defendants would be entitled to the identity of the informant.

{¶ 8} There is a strong presumption against lifting the privilege. *J&Cmarketing, L.L.C.* at ¶ 18, citing *In re New York City*, 607 F.3d 923, 929 (2d Cir. 2010). Nonetheless, appellate review of the trial court's decision granting or denying a motion to compel disclosure is reviewed for abuse of discretion. *State v.*

*Petty*, 2023-Ohio-1146, ¶ 6 (8th Dist.), citing *State v. Garcia*, 1995 Ohio App. LEXIS 3467 (8th Dist. Aug. 24, 1995).

{¶ 9} Generally, in cases in which a confidential informant conducts controlled buys from the defendant and that information is only relevant to the search warrant that leads to the discovery of the charged conduct, disclosure of the identity is foreclosed. *State v. Richard*, 2002-Ohio-9 (8th Dist.) (disclosure not required because the informant participated in the controlled buys leading to the discovery of drugs at the defendant's residence, and therefore, his testimony would be irrelevant to the charged offenses); *Petty*, 2023-Ohio-1146, at ¶ 24 (8th Dist.) (reversing the trial court's compelling disclosure because the informant only participated in controlled buys and was not a witness to the charged conduct).

{¶ 10} Byrd claims that line of authority is inapplicable and instead relies on a line of cases in which the informant actually witnessed the charged conduct, making the informant a primary witness to the elements of the crime. *See, e.g., State v. McKoy*, 2010-Ohio-522, ¶ 14 (8th Dist.) (concluding the trial court erred in denying a motion to compel disclosure because the informant was the only witness to the criminal conduct underlying the charges in the indictment). There is no allegation, or even an argument, that the informant in this case witnessed the drug-trafficking charges related to the 77 grams of cocaine and trafficking paraphernalia found in Byrd's residence, a place the informant is not even alleged to have entered. *Richard* and *Petty* control under the alleged facts of this case, not the *McKoy* line of authority.

{¶ 11} Byrd's motion to compel the disclosure of the confidential informant's identity did not carry his burden to demonstrate the necessity of the information. *See Petty*. Byrd has not claimed that the informant has any exculpatory information or was a witness to the underlying charges. In his motion, he offered nothing more than mere speculation regarding the basis of the unchallenged search warrant and the nature of the confidential informant's role in the then-upcoming trial. In this appeal, Byrd shifts his focus and claims that the confidential informant's identity is needed for the State to establish the forfeiture of the vehicle included in the indictment, but even that claim is speculative in light of the lack of a factual foundation. Byrd further cites no authority supporting the proposition that divulging the identity of a confidential informant, who will not testify at trial, extends to situations in which the information may be beneficial for the State's burden on proving the forfeiture of a criminal tool.

{¶ 12} The identity of an informant must be revealed to a criminal defendant when the testimony of the informant is necessary to establish an element of the crime or is helpful or beneficial to the accused in preparing or making a defense to criminal charges. Forfeiture of the vehicle alleged to have been used in the drug-trafficking operation is not a criminal offense. Forfeiture of criminal tools or property used in or derived through commission of the offense is classified as a fine or sanction for criminal misconduct; it "is a form of punishment for a specified offense" and not itself a criminal offense. *State v. Howze*, 2025-Ohio-2630, ¶ 17 (7th Dist.), citing *State v. Hill*, 70 Ohio St.3d 25, 32-35 (1994). Byrd has not

demonstrated, let alone provided any relevant authority establishing, that information pertaining to forfeiture itself is a basis to compel the disclosure of privileged information. App.R. 16(A)(7). In light of the limited argument presented for the first time in this appeal, we cannot offer relief. *See State v. Wintermeyer*, 2019-Ohio-5156, ¶ 10, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997) ("A first principle of appellate jurisdiction is that a party ordinarily may not present an argument on appeal that it failed to raise below.").

{¶ 13} Because Byrd's motion to compel was facially deficient as a matter of law, the trial court erred by compelling the disclosure of the confidential informant. *See Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 39 (a trial court lacks discretion to commit errors of law). The trial court had been provided no argument or information sufficient to overcome the presumptive privilege against disclosing the identity of the confidential informant.

{¶ 14} The order compelling disclosure is reversed, and the matter remanded for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
DEENA R. CALABRESE, J., CONCUR