[Cite as *State v. Donerson*, 2026-Ohio-1049.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                          :

    Plaintiff-Appellee,                      :

                               No. 115422

    v.                                                         :

ANDRE DONERSON,                                   :

    Defendant-Appellant.               :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 26, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-688462-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Courtney Kirven, Assistant Prosecuting Attorney, *for appellee.*

Mary Catherine Corrigan, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant Andre Donerson appeals from the conviction and sentence in this case. Upon review, we affirm.

{¶ 2} On January 29, 2024, Donerson was charged under a five-count indictment with drug-related offenses. The circumstances surrounding the incident

are set forth in the record before us. Donerson pleaded not guilty to the charges at his arraignment. Subsequently, he reached a plea agreement with the State, and on June 30, 2025, he entered a plea of guilty to an amended Count 1 for trafficking in cocaine, a felony of the first degree in violation of R.C. 2925.03(A)(2) with forfeiture specifications for a scale, money, an automobile, and cell phones, but without the major drug-offender specification as initially indicted. All other counts were nolled. The plea agreement included a jointly recommended sentencing range of 5 to 11 years in prison, with forfeiture of all items that were seized. On July 11, 2025, the trial court sentenced Donerson to an indefinite prison term of 7 to 10½ years and ordered forfeiture of seized items. This appeal followed.

{¶ 3} Donerson raises three assignments of error on appeal. Under his first assignment of error, he argues that his sentence is contrary to law. Donerson argues that notwithstanding the trial court's indication that it considered all required factors and the purposes of felony sentencing under R.C. 2929.11 and 2929.12, the record does not support this. He maintains that the trial court disregarded factors under R.C. 2929.12(C) and that the trial court failed to consider the sentencing factors under R.C. 2929.11.

{¶ 4} "[A] sentence is presumptively valid if it falls within the statutory range and is imposed after the trial court considers the R.C. 2929.11 and 2929.12 factors." *State v. Halasz*, 2025-Ohio-3072, ¶ 19 (8th Dist.), citing *State v. Hinton*, 2015-Ohio-4907, ¶ 10 (8th Dist.). As this court has previously recognized, "There is no explicit requirement for a trial court to memorialize the specific factors it

considered in its journal entry" and "[t]he trial court is presumed to have considered the factors of R.C. 2929.11 and 2929.12 absent an affirmative showing that the trial court failed to do so." (Cleaned up.) *Id.* at ¶ 15.

{¶ 5} The record shows that the trial court expressly reviewed the overriding principles and purposes of felony sentencing under R.C. 2929.11, which were set forth at the sentencing hearing, along with relevant sentencing factors. The trial court indicated that it had listened to everything said in court and had looked at the plea negotiations. During the sentencing hearing, the trial court was informed of the nature of the offense, which involved trafficking in cocaine with a large quantity recovered and the seizure of items including a digital scale, money, an automobile, and cell phones. The factual basis of the crime was set forth by the State. The trial court also was informed of Donerson's criminal history, which included multiple offenses for possession and trafficking in drugs, along with offenses of violence. Given the circumstances involved, the State advocated for a sentence "closer to the higher end" of the jointly recommended sentencing range. The trial court recognized the seriousness of Donerson's conduct and the impact of putting drugs into the community and the dangers involved.

{¶ 6} In considering the seriousness and recidivism factors in R.C. 2929.12, the court noted "it's a mandatory sentence . . . he's been [previously] convicted, served time for possession of drugs in the past, [and] received a substantial benefit by the dismissal of the major [drug-offender specification] that was dismissed as a part of the plea bargain." To the extent Donerson asserts that the trial court failed

to consider mitigating factors, the transcript shows the trial court heard from defense counsel and Donerson in this regard. Defense counsel presented mitigating factors, including Donerson's acceptance of responsibility and his recent health issues, and advocated for the court to "consider a minimum sentence." The court heard from Donerson, who took full responsibility for his actions and explained his personal circumstances. The trial court expressed that it understood what Donerson had said about having to try to help take care of his family, but that he was "putting stuff into the community that was wrecking other families."

{¶ 7} Consistent with the record, the trial court's journal entry indicated that it had considered all required factors under the law. Because Donerson has not affirmatively shown otherwise, and given the record before us, we can presume that the trial court considered the appropriate statutory factors. Ultimately, the trial court did not find the minimum term of 5 years under the jointly recommended sentencing range to be sufficient, and the court imposed a prison term of 7 to 10½ years.

{¶ 8} Contrary to his argument, Donerson has not demonstrated that the trial court failed to consider the factors of R.C. 2929.11 and 2929.12 or that his sentence is contrary to law. Accordingly, the first assignment of error is overruled.

{¶ 9} Under his second assignment of error, Donerson claims his trial counsel was ineffective "for failing to file a motion to reveal confidential informant."

{¶ 10} "'A reviewing court will strongly presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable

professional judgment.'" *State v. Powell*, 2019-Ohio-4345, ¶ 69 (8th Dist.), quoting *State v. Pawlak*, 2014-Ohio-2175, ¶ 69 (8th Dist.). Ordinarily, to establish an ineffective-assistance-of-counsel claim, a defendant must demonstrate that (1) his or her "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, Donerson must show there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *See State v. Bozso*, 2020-Ohio-3779, ¶ 19, citing *State v. Romero*, 2019-Ohio-1839, ¶ 16.

{¶ 11} In this case, pursuant to the negotiated plea agreement, Donerson entered a guilty plea to Count 1 as amended to trafficking in cocaine with forfeiture specifications. The major drug specification on that count was deleted, and four other counts were nolled. Nonetheless, Donerson claims that because his trial counsel did not seek to have the identity of the confidential informant revealed, he was not able to mount a defense or file a motion to suppress in this case. Donerson offers nothing more than a speculative argument.

{¶ 12} As this court has previously recognized, "The defendant bears the burden of establishing the need for disclosure [of a confidential informant]. In meeting this burden, the defendant must set forth more than mere speculation that the informer might somehow be of some assistance in preparing the case." (Cleaned up.) *State v. Byrd*, 2025-Ohio-5857, ¶ 7 (8th Dist.). According to the facts set forth in this case, after receiving information from the confidential informant, the police

conducted several controlled buys with Donerson and made their own observations before obtaining a search warrant for Donerson's residence where a large quantity of drugs along with trafficking paraphernalia was found. As was the case in *Byrd*, there is no allegation or even an argument that the informant has any exculpatory information relating to the drug-trafficking charge. *See Byrd* at ¶ 10-11. Similarly, this is not a case where proof of an element of the crime is dependent upon the testimony of the informant. *See State v Williams*, 4 Ohio St.3d 74, 76 (1983).

{¶ 13} Upon the record before us, we find Donerson has failed to demonstrate that his trial counsel rendered deficient performance by not filing a motion to reveal the identity of the confidential informant. Further, he fails to show any reasonable probability that, but for the alleged deficient performance, he would not have pleaded guilty and would have insisted on going to trial. Accordingly, his second assignment of error is overruled.

{¶ 14} Under his third assignment of error, Donerson claims he received ineffective assistance of counsel because, as he asserts, "trial counsel failed to advocate for a minimum sentence." He fails to provide any authority to support this argument, and the record shows otherwise. The transcript reflects that Donerson's trial counsel negotiated a favorable plea agreement, advocated for the minimum time under the jointly recommended sentencing range, and highlighted that Donerson accepted responsibility and appeared in court knowing that he was facing a prison sentence. Here again, Donerson has not demonstrated that his trial counsel rendered deficient performance or shown any reasonable probability that, but for

the alleged deficient performance, he would not have pleaded guilty and would have instead insisted on going to trial. Furthermore, pursuant to R.C. 2953.08(D)(1), a sentence that is jointly recommended by the parties and imposed by the trial court is not subject to review when it is "authorized by law." Such is the case herein. Accordingly, the third assignment of error is overruled.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

LISA B. FORBES,P.J., and
EILEEN T. GALLAGHER, J., CONCUR